Filed 11/16/15  In re Edgar J. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re EDGAR J., a Person Coming Under the Juvenile court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>              v.<br><br>EDGAR J.,<br><br>    Defendant and Appellant. | F070588<br><br>(Super. Ct. Nos. 12CEJ600137-2 & 12CEJ600137-2V)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Hillary A. Chittick, Judge.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J. and Detjen, J.

## INTRODUCTION

On April 19, 2013, the juvenile court adjudged appellant a ward of the court (Welf. & Inst. Code, § 602) after the court found allegations that appellant had committed forcible rape (Pen. Code, § 261, subd. (a)(2)) and rape by use of drugs (Pen. Code, § 261, subd. (a)(3)) to be true. The juvenile court ordered appellant to continue on supervised probation until December 30, 2015, and committed appellant to the Juvenile Justice Campus with directions to enroll in Teen Challenge of Southern California, perform community service, and engage in psychological and substance abuse counseling.

On October 27, 2014, appellant admitted to violating the terms of his probation, and the juvenile court subsequently committed appellant to the Department of Juvenile Justice ("DJJ") for a maximum period of eight years, with 567 days of credit for time served.

On appeal, appellant argues the juvenile court abused its discretion by committing him to the DJJ. We affirm.

## FACTS

On April 26, 2012, appellant, who was 17 years old at the time, participated with two other individuals in the rape of an intoxicated 14 year-old female. On January 15, 2013, the district attorney filed a juvenile wardship petition alleging the commission of one count of forcible rape while acting in concert (count 1), and one count of rape by use of drugs (count 2). On April 19, 2013, following a contested jurisdictional hearing, the juvenile court found the allegation of rape by use of drugs to be true, as well as forcible rape, a lesser included offense to count 1.

Prior to the dispositional hearing on the matter, the probation department recommended appellant be committed to the DJJ due to the cruel and vicious nature of

2.

the crime, as well as appellant's previous poor performance when placed on probation.[1] In addition to the probation department's written reports, psychological evaluations of appellant were submitted by Marie Bridgeford and Dr. Harold Seymour. Bridgeford diagnosed appellant with alcohol dependence and an anti-social personality disorder, and recommended group counseling on sexual offending, individual counseling, anger management courses, and substance abuse treatment. Bridgeford's analysis found appellant to be at low risk of sexual recidivism. Seymour diagnosed appellant's conduct and mood disorders, as well as problems with alcohol abuse. He also found appellant to be at low risk of sexual recidivism, and recommended long-term structure and treatment of his mood and behavioral issues. Seymour did not find a DJJ commitment to be suitable for appellant, as appellant would be at risk of becoming gang affiliated while committed, and would be more likely to receive the proper treatment through a program such as Teen Challenge.

At the dispositional hearing, the juvenile court stated it was reluctant to commit appellant to the DJJ, as appellant was not criminally sophisticated and would be forced to register as a sex offender, which the juvenile court did not feel served the interests of justice. Instead, the juvenile court committed appellant to the Juvenile Justice Center with directions to enroll in Teen Challenge of Southern California, perform community service, and engage in psychological and substance abuse counseling.

Prior to enrolling in Teen Challenge, but after reaching the age of majority, appellant was charged with driving with a suspended license. Appellant entered the Teen Challenge program on February 25, 2014, and was terminated from the program on April 21, 2014, after being caught stealing items from a church. After being terminated from the program, appellant was charged with driving under the influence.

---

[1] Appellant had a prior history of juvenile offenses including misdemeanor reckless driving and resisting arrest. Appellant was on probation for a prior offense at the time of the rape in this case.

On August 12, 2014, a probation petition was filed against appellant alleging violation of the terms and conditions of his probation by failing to maintain contact, enroll in anger management courses, perform community service, or complete the Teen Challenge program. On October 27, 2014, appellant admitted violating the terms of his probation.

A dispositional hearing concerning the probation violation was held on November 20, 2014. The probation department again recommended a commitment to DJJ, as did the prosecution, with both parties citing appellant's history of criminal behavior while on probation. For his part, appellant requested a one-year term in county jail. At the conclusion of the hearing, the juvenile court ordered appellant to remain a ward of the juvenile court and committed appellant to the DJJ for a maximum period of eight years. In support of the commitment, the juvenile court noted appellant's complete failure to comply with the terms of his probation or to take advantage of the opportunities that had been provided to him. This appeal followed.

## DISCUSSION

Appellant argues the juvenile court abused its discretion by committing him to the DJJ. We disagree.

We review a juvenile court's decision to commit a minor to the DJJ for an abuse of discretion. (*In re Michael D.* (1987) 188 Cal.App.3d 1392, 1395.) A commitment is supported if there is "evidence in the record demonstrating probable benefit to the minor, and evidence supporting a determination that less restrictive alternatives are ineffective or inappropriate." (*In re Teofilio A.* (1989) 210 Cal.App.3d 571, 576.)

"In determining whether there was substantial evidence to support the commitment, we must examine the record presented at the disposition hearing in light of the purposes of the Juvenile Court Law." (*In re Michael D.*, *supra*, 188 Cal.App.3d at p. 1395.) "[W]hen we assess the record in light of the purposes of the Juvenile Court Law

4.

[Citation], we evaluate the exercise of discretion with punishment and public safety and protection in mind." (*In re Lorenza M.* (1989) 212 Cal.App.3d 49, 58.)

Here, the record shows that appellant will have access to sex offender treatment, substance abuse treatment, continued education, vocational training, and cognitive therapy during his DJJ commitment. These services and programs would be of benefit to appellant, and appellant has demonstrated a repeated unwillingness to participate in such programs outside of an institutional environment. Accordingly, the record supports a finding that a DJJ commitment will be of probable benefit to appellant.

Further, the record also clearly demonstrates the ineffectiveness of less restrictive alternatives. Appellant has repeatedly violated the terms of his various probations, and was terminated from the Teen Challenge program within a few months of being enrolled. Indeed, appellant does not even suggest probation or a residential program such as Teen Challenge as a viable alternative. Instead, appellant proposes a one-year term in county jail as an alternative to a DJJ commitment. Appellant has not shown that such a term is in anyway less restrictive, however, nor has he shown that county jail offers the various educational and rehabilitative programs found at the DJJ.

Finally, appellant attempts to rebut the suitability of his DJJ commitment by claiming a low risk of recidivism and arguing that there was no evidence a DJJ commitment was more appropriate in November of 2014, when the juvenile court ordered him committed, than in August of 2013, when the juvenile court found a DJJ commitment to be inappropriate. We reject both contentions. First, while it is true appellant displays a low risk of *sexual* recidivism, his juvenile record displays a marked tendency for general criminal recidivism. Indeed, appellant has committed offenses while on probation. Second, a DJJ commitment was demonstrably more appropriate in November of 2014 than in August of 2013, as in the interim appellant had been expelled from the very residential treatment program the juvenile court had found to be a more appropriate alternative to a DJJ commitment.

Given the record in this case, we find the juvenile court did not abuse its discretion by committing appellant to the DJJ, and we affirm.

## DISPOSITION

The judgment is affirmed.